FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 15, 2019

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>ISIDRO MUNIZ-SANCHEZ,<br><br>               Defendant. | No.   4:19-cr-06011-SMJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**\*\* U.S. MARSHALS SERVICE ACTION REQUIRED\*\*** |

Before the Court is Defendant Isidro Muniz-Sanchez's Motion to Dismiss, ECF No. 17. The Government opposes the motion. ECF No. 25. Given evolving case law on this issue, the Court permitted supplemental briefing to be filed no later than July 8, 2019. Both parties supplemented their briefs. *See* ECF Nos. 35 & 36. As the Court finds oral argument unwarranted, it considered the motion without oral argument on the date signed below. Having reviewed the briefs and exhibits, and consulted relevant authority, the Court is fully informed and grants the motion to dismiss the Indictment.

## BACKGROUND

On June 9, 1999, Defendant was arrested. On June 10, 1999, the Government issued a Notice to Appear ("NTA") to initiate removal proceedings. ECF No. 17-1.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS **-** 1

The NTA ordered Defendant to appear before an immigration judge in Seattle, WA on a date and time "To Be Calendared." *Id.* at 1. The certificate of service indicated that Defendant was served on the same day and was "provided oral notice in the Spanish language of the time and place of his . . . hearing," despite the fact that a time and date was not yet set. *Id.* at 2. Defendant signed the request for a prompt hearing section, which stated that he requested an immediate hearing and waived his right to have a 10-day period prior to appearing before an immigration judge. *Id.*

On June 22, 1999, a Notice of Hearing ("NOH") issued, informing Defendant that a removal hearing was scheduled for June 28, 1999. ECF No. 17-2. On June 28, 1999, Defendant appeared before an immigration judge, who granted Defendant voluntary departure in lieu of removal. *See generally* ECF No. 17-3.

Defendant encountered immigration officers again on January 6, 2003, while incarcerated at the Benton County Jail. According to a Record of Deportable/Inadmissible Alien filed by immigration officer Kevin Smith, Defendant admitted that he had entered the United States without being admitted or paroled. ECF No. 17-4. There is no evidence of formal removal proceedings. While the mechanism of removal is unclear, Defendant was returned to Mexico on February 21, 2003 at El Paso, TX. ECF No. 25-1 at 4.

A few months later, on or about June 30, 2003, Defendant was apprehended

at the border near Calexico, CA. *Id.* at 6. He requested but was denied a voluntary return. *Id.* When it was determined that he was removable, he was detained for removal proceedings. The same day, the Government issued an NTA. ECF No. 17-5. The NTA ordered Defendant to appear before an immigration judge at a place "To Be Calendared," on "a date to be set," at "a time to be set." *Id.* at 1. The certificate of service indicated that Defendant was served on the same day and was "provided oral notice in the Spanish language of the time and place of his . . . hearing," despite the fact that a time and place was not yet set. *Id.* at 2. Defendant signed the request for a prompt hearing section, which stated that he requested an immediate hearing and waived his right to have a 10-day period prior to appearing before an immigration judge. *Id.*

On July 3, 2003, an NOH issued, informing Defendant that a removal hearing was scheduled for July 7, 2003 in El Centro, CA. ECF No. 17-6. On July 7, 2003, a removal hearing was held in Imperial, CA. *Id.* Defendant appeared (most likely by video), was ordered removed to Mexico by the immigration judge, and was removed the same day. ECF No. 17-7; ECF No. 25-1 at 8.

The Indictment charges Defendant with Illegal Reentry in violation of 8 U.S.C. § 1326. ECF No. 1. Defendant was removed a number of times pursuant to reinstatements of the July 2003 removal order. ECF No. 17 at 5; ECF No. 25 at 6. The validity of those removals for purposes of a § 1326 prosecution hinges on the

validity of the July 2003 removal order.

**DISCUSSION**

Defendant—joining a growing number of defendants in illegal reentry prosecutions across the country and in this district[1]—moves to dismiss the Indictment, arguing that the Government cannot prove an essential element that there was a prior removal order. ECF No. 17. Specifically, he argues that jurisdiction never vested in the immigration court and thus, any resulting removal order is void. *Id.* at 6.

**A.  The NTA was deficient under 8 U.S.C. § 1229(a) and *Pereira*.**

Defendant first argues that the June 2003 NTA was invalid under 8 U.S.C. § 1229(a) and *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and so, jurisdiction never vested in the immigration court. "Removals are commenced by the filing of a Notice to Appear, pursuant to . . . 8 U.S.C. § 1229(a)." *Martinez-Garcia v. Ashcroft*, 366 F.3d 732, 734 (9th Cir. 2004). Under § 1229(a)(1), an alien shall be given a Notice to Appear specifying, *inter alia*, the "time and place at which the [removal] proceedings will be held."

In *Pereira*, the Supreme Court held that "a putative NTA that fails to

---

[1] *See United States v. Torres-Castelan*, No. 1:18-CR-354-LY, 2019 WL 361684, at *3 n.4 (W.D. Tex. Jan. 29, 2019) (collecting cases); *United States v. Lozano et al.*, No. 4:18-CR-522, 355 F. Supp. 3d 554, 2019 WL 224178, at *10 (S.D. Tex. Jan. 15, 2019) (collecting cases).

designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under § 1229(a),' and so does not trigger the stop-time rule" under § 1229b(b)(1). 138 S. Ct. at 2113. *Pereira* instructed that a valid NTA, for purposes of its incorporation into § 1229b(b)(1), provides notice of a specific time and place. *Id.* at 2118 ("The statute makes clear that Congress fully intended to attach substantive significance to the requirement that noncitizens be given notice of at least the time and place of their removal proceedings.").

Here, the June 30, 2003 NTA failed to indicate a time or place of the removal proceeding, instead indicating that the place was "To Be Calendared," on "a date to be set," at "a time to be set." ECF No. 17-5. Thus, Defendant is correct that the NTA is deficient under 8 U.S.C. § 1229(a) and *Pereira*. However, he makes the leap that the immigration court therefore lacked jurisdiction to enter the July 2003 removal order. *See* ECF No. 17 at 10–15.

**B.    The NTA's statutory deficiency did not deprive the immigration court of jurisdiction.**

Section 1229 is silent as to the jurisdictional question, which is instead governed by regulation. "Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 1003.14(a). An NTA constitutes a charging document. 8 C.F.R. § 1003.13. The time and place of removal proceedings is not enumerated as a required component of an NTA under 8 C.F.R. § 1003.15(b), even though it is

clearly required by statute. Instead, 8 C.F.R. § 1003.18 states that the "Service shall provide in the Notice to Appear, the time, place and date of the initial removal hearing, *where practicable*."

While the regulations are in direct conflict with the statute from which it derives its authority, the Ninth Circuit nonetheless recently concluded in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), that an immigration judge had jurisdiction over the removal proceedings when the charging document satisfied the *regulatory* requirements. Notwithstanding the conflicting statutory language, the Court indicated that "the regulatory definition, not the one set forth in § 1229(a), governs the Immigration Court's jurisdiction." *Id.* at 1160. The court noted that "*Pereira* simply has no application" in analyzing jurisdiction. *Id.* at 1161.

Given *Karingithi*'s guidance, Defendant's argument that the immigration court lacked jurisdiction due to the statutory deficiency is unavailing. Here, a subsequent NOH specifying the time and place of the removal proceedings was later sent to Defendant. ECF No. 17-6; *see id.* at 1161–62; *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 447 (BIA 2018) ("A notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings . . . so long as a notice of hearing specifying this information is later sent to the alien."). And, Defendant appeared for the removal hearing, so there is no dispute that he had constructive notice of the

time and place for the hearing.

**C. The NTA was deficient under 8 C.F.R. § 1003.15(b)(6) and thus, jurisdiction never vested.**

Nonetheless, jurisdiction did not vest in the immigration court for another reason—one raised for the first time in Defendant's reply brief. *See* ECF No. 34 at 4–6. Defendant alternatively argues that even looking to only the regulations for the jurisdictional question, the immigration court lacked jurisdiction. He points to 8 C.F.R. § 1003.15(b)(6), which requires an NTA to contain the address of the immigration court where the Service will file the NTA. Here, the June 2003 NTA includes only one address: the address of the INS detention facility where Defendant was being held, the Service Processing Center in El Centro, CA. *See* ECF No. 17-5 at 1.

The Government notes in response that there was in fact an immigration court located at the El Centro Service Processing Center. ECF No. 36 at 7. However, there is no indication that the immigration court located at the El Centro Service Processing Center was the immigration court where the Service filed the NTA, as required by 8 C.F.R. § 1003.15(b)(6), given that the NOH was issued from an immigration court in Imperial, CA, *see* ECF No. 17-6. And sure enough, the removal hearing took place at that immigration court in Imperial, CA. *See* ECF No. 17-7.

The Government argues that there is no evidence that the NTA was not

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS **-** 7

simply administratively transferred to Imperial, CA after the NTA was initially filed with the immigration court in El Centro, CA. ECF No. 36 at 7. It is precisely that lack of evidence that the Court underscores. While it is understandable that such evidence will be difficult for the parties to locate, without further evidence to the contrary, it appears from the record before the Court that the NTA failed to indicate the address of the immigration court in El Centro, CA that handled the proceedings—presumably where the NTA was filed.

Consequently, Defendant is correct that the NTA was indeed deficient under the regulatory requirements and that jurisdiction never vested with the immigration court. *Accord United States v. DelCarmen-Abarca*, No. 4:19-CR-6005-SAB, 2019 WL 2712274, at *1 (E.D. Wash. June 7, 2019); *United States v. Martinez-Aguilar*, No. 5:18-cr-00300-SVW, 2019 WL 2562655, at *3 (C.D. Cal. June 13, 2019); *United States v. Ramos-Urias*, No. 18-CR-00076-JSW-1, 2019 WL 1567526, at *3 (N.D. Cal. Apr. 8, 2019). Under the plain language of the regulations, a deficient NTA is not a valid charging document and so, fails to initiate proper proceedings before an immigration judge. *See* 8 C.F.R. 1003.14(a).

"If [an] order is void on its face for want of jurisdiction, it is the duty of . . . every . . . court to disregard it." *Wilson v. Carr*, 41 F.2d 704, 706 (9th Cir. 1930). Accordingly, the Court disregards the removal order that was issued ultra vires, and need not analyze whether Defendant may collaterally attack the underlying removal

order under 8 U.S.C. § 1326(d). *See Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 884 (9th Cir. 2003) (noting that proceedings are a "legal nullity" when conducted without authority). The Court also need not reach Defendant's additional arguments that the NTA was untimely and that his waiver of the 10-day period required by 8 U.S.C. § 1229(b)(1) was invalid.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 17**, is **GRANTED**.
2. The Indictment, **ECF No. 1**, is **DISMISSED WITH PREJUDICE**.
3. The U.S. Marshals Service shall release Defendant from its custody as soon as practicable.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and the U.S. Marshals Service.

**DATED** this 15th day of July 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 9